USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

FRANK THON,

                Petitioner,

    - against -

LOUIS R. MARSHALL, Superintendent,
Sing Sing Correctional Facility,

                Respondent.

----------------------------------------x

08 Civ. 292 (RWS)

OPINION

**Sweet, D.J.**

        Petitioner Frank Thon ("Thon") has filed objections to the Report and Recommendation of Magistrate Judge Lisa M. Smith, dated December 22, 2010 (the "Report"). For the reasons set for the below, Thon's objections are overruled and the Report is hereby adopted in its entirety.

        Thon has contended that the one-year period of limitation under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which began to run on January 10, 2004, should be equitably tolled based on two alleged "extraordinary circumstance[s]." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

1

First, Thon claims that he suffered from significant physical ailments during the one-year time period he seeks to be tolled — and the more than two additional years that passed before Thon actually filed his petition on November 27, 2007[1] — which allegedly rendered him incapable of pursuing his rights. Specifically, in an affidavit submitted in response to a January 14, 2008 Order to Show Cause why his petition was not untimely, Thon describes a history of back pain, including a herniated disk in his back that he suffered as a result of a slip-and-fall while in prison and a surgery to address that injury. However, by his own admission, Thon was transferred back to Sing Sing on March 14, 2006, and did not have any subsequent surgeries or report any further medical conditions that would have impaired his ability to pursue his rights. Nonetheless, Thon did not file his petition until November 27, 2007, more than 18 months later.

Though the Court is sympathetic to Thon's medical conditions, Thon "has failed to show that his physical . . . problems rendered him unable to pursue his legal rights and thus has not shown any 'extraordinary circumstances' to justify an equitable tolling of the AEDPA limitations period." Rhodes v. Senkowski, 82 F. Supp. 2d 160, 172 (S.D.N.Y. 2000).

---

1   The date of filing according to the "prison mailbox rule," though the petition was not docketed by the District Court until January 14, 2008.

2

Second, Thon alleges that the Government perpetrated a fraud on the court. The allegations are difficult to decipher, but Thon appears to claim that the Government submitted a fraudulent indictment and obtained a fraudulent arrest warrant. However, this argument is meritless, as Thon's allegations are unsupported by the facts and evidence in this case. Accordingly, the alleged fraud on the court cannot constitute an "extraordinary circumstance" warranting equitable tolling of the AEDPA limitation period.

Thon also asserts a lack of knowledge of the one-year limitation period under AEDPA. "Allegations such as these, however, are insufficient to justify an equitable tolling of the limitations period." Id. at 172 n.7 (citing cases); see Zorilla v. Artuz, No. 99 Civ. 9249, 2000 WL 328881, at *1 (S.D.N.Y. Mar. 29, 2000); Fadayiro v. United States, 30 F. Supp. 2d 772, 781 (D.N.J. 1998) ("Ignorance of the law does not justify equitable tolling of a statute of limitations.").

For the foregoing reasons, Thon's objections are overruled and the Report is adopted in its entirety.

It is so ordered.

**New York, NY**
**February /0, 2011**

ROBERT W. SWEET
U.S.D.J.

3