UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

FRANK THON,

                Petitioner,

    - against -

LOUIS R. MARSHALL, Superintendent,
Sing Sing Correctional Facility,

                Respondent.

------------------------------------X

08 Civ. 292 (RWS)

OPINION

**Sweet, D.J.**

       Petitioner Frank Thon ("Thon") filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. By the Report and Recommendation of Magistrate Judge Lisa M. Smith, dated December 22, 2010 (the "Report"), the petition was denied (Dkt No. 27). By Opinion dated February 10, 2011, the Report was accepted and adopted in its entirety, and the petition was denied. (Dkt. No. 30).

       Petitioner submitted his request for a certificate of appealability ("COA") to the United States Court of Appeals for the Second Circuit, dated January 31, 2012. (Dkt. No. 45). Along with his COA request, the Petitioner filed a letter to the Court stating that he "has not been provided with a copy of the

1

district judge's decision denying the COA nor do[es he] know what issues to identify to be raised on this appeal of the denial of my F.R.Civ.P 60(b)(6) motion. . . ."  (<u>Id.</u>).

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2).  Section 2253(c)(1) of Title 28 of the United States Code provides, in pertinent part, that:

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).

After reviewing the relevant portions of the file, and for the reasons set forth in the December 22, 2010 Report and this Court's February 10, 2011 Opinion, the Court finds that the Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, the Court denies his request for a COA.  <u>See</u> <u>Lozada v. United States</u>, 107 F.3d 1011 (2d Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997).

2

It is so ordered.

New York, NY
June 30, 2011
    2012

             _____
             ROBERT W. SWEET
                 U.S.D.J.

3